UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $50,000.00 CURRENCY, | § | |
| Defendant in rem. | § | |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

The United States of America, Plaintiff, files this action for forfeiture *in rem* against $50,000.00 in U.S. currency and alleges upon information and belief the following:

**JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction in this case pursuant to 28 U.S.C. §§ 1345 and 1355.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b), 1391(b)(2), and 1395.

**THE DEFENDANT PROPERTY**

3. Fifty thousand dollars ($50,000.00) seized on or about 27 February 2025 by the United States Postal Inspection Service incident to the execution of a search warrant (hereinafter "Defendant Property").

4. On or about 1 May 2025, Daniel Gerra submitted a claim to United States Postal Inspection Service (hereinafter "USPIS") contesting administrative forfeiture of Defendant Property.

## STATUTORY BASIS AND NATURE OF ACTION

5. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A),(C) and/or 21 U.S.C. § 881(a)(6).

6. 18 U.S.C. § 981(a)(1)(A) provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957…or any property traceable to such property."

7. 18 U.S.C. § Section 981(a)(1)(C) provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to ... any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C.] section 1956(c)(7) of this title), or a conspiracy to commit such offense."

8. 21 U.S.C. § 881(a)(6), which provides for the forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*]."

## FACTS

9. On 27 February 2025, a USPIS task force officer identified a suspicious Priority Mail Express parcel.

10. Priority Mail Express and Priority Mail are frequently utilized by nefarious actors to ship controlled substances, proceeds of controlled substance sales, or other illegal contraband. Nefarious actors favor Priority Mail Express and Priority Mail because of the

speed (Priority Mail Express - overnight; Priority Mail - two-day delivery), reliability, and package tracking services, as well as the perceived less frequent detection of contraband.

11. The parcel was addressed to "AL Consulting" at "16516 El Camino #426, Houston, TX 77062." Although a search produced numerous companies bearing the name "AL Consulting," none were associated with the address provided on the parcel.

12. Since June 2024, USPIS seized and searched multiple packages destined for "AL Consulting" at "16516 El Camino #426, Houston, TX 77062." Those packages contained differing amounts of U.S. currency.

13. The parcel's return address included Daniel Gerra and a Bethlehem, PA address. But the parcel did not originate from Bethlehem, PA and instead originated from San Diego, CA. Nefarious actors commonly use different addresses to conceal their true identities.

14. Considering the parcel's origin and destination, it originated from and was destined for known narcotics destinations.

15. Based on the totality of this suspicion, a Houston Police Department canine, certified to detect the presence of controlled substances, conducted an open-air sniff. The canine indicated a positive alert to the presence of a controlled substance scent emitting from the parcel.

16. Afterwards, USPIS obtained and executed a federal search warrant on the parcel. The search revealed $50,000.00 in currency, the Defendant Property.

17. On 1 May 2025, Daniel Gerra contested USPIS's administrative forfeiture and claimed lawful ownership of Defendant Property.

## CONCLUSION

18. Pursuant to 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A),(C), Defendant Property is subject to forfeiture as property traceable to a violation of the Controlled Substances Act, moneys intended to be furnished in exchange for a controlled substance, proceeds traceable to a specified unlawful activity, and/or property involved in money laundering.

19. The United States will serve direct notice, along with a copy of the Complaint, on any persons who reasonably appear to be potential claimants.

## NOTICE TO ANY POTENTIAL CLAIMANTS

YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Properties subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The verified claim must be filed no later than 35 days from the date this Complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official government forfeiture internet site, in accordance with Rule G(5)(a)(ii)(B).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the verified claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, either electronically or at the United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy must be served upon the undersigned Assistant United States

Attorney at the United States Attorney's Office, 2300 Louisiana, Ste. 2300, Houston, Texas 77002.

## RELIEF REQUESTED

WHEREFORE, pursuant 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A),(C) the United States prays that judgment of forfeiture be entered against Defendant Property in favor of the United States and requests any other relief to which the United States may be entitled.

                        Respectfully submitted,

                        NICHOLAS J. GANGEI
                        United States Attorney

By:   /s/ *Colin W. Hotard*
       Colin W. Hotard
       Assistant United States Attorney
       Federal Bar Number 3897860
       1000 Louisiana Street, Suite 2300
       Houston, Texas 77002
       Phone: (713) 567-9733
       Colin.Hotard@usdoj.gov

## VERIFICATION

I, Andrew T. Leong, a task force officer with the United States Postal Inspection Service, declare under penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated therein are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the  28  day of July 2025.

_____
Andrew T. Leong,
United States Postal Inspection Service